EASTERN DIS.
*February,* 1833.

DESLONDE,
F. M. C.
*vs.*
LE BRERET.

DESLONDE, F. M. C. *vs.* LE BRERET.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE SECOND PRESIDING.

The natural father is not a competent witness for his natural child.

A bill of sale, specifying the price paid for a slave, is proper evidence as to his value, though not conclusive.

*Hiriart* and *Davis,* for appellant.

*Nichols,* for appellee.

The court *a quo,* did not err in rejecting the testimony of applicant's father, he being an incompetent witness, both from interest and relationship. *La. Code,* 2260.

The facts are stated in the opinion of the court, delivered by PORTER, J.

The plaintiff sues the defendant, to recover from him the value of a slave, which he is alleged to have killed.

The answer denies that the defendant is indebted in manner and form as alleged, or in any other; and further, that if the slave came to his death through the agency of defendant, he was justifiable in the eye of the law, as the negro was in the habit of stealing and carrying away the defendant's property in the night.

On the trial, the plaintiff offered his natural father as a witness; he was objected to, and the court refused to admit him to testify. To the opinion of the judge thus rejecting the witness, a bill of exceptions was taken.

The natural father is not a competent witness for his natural child. The 2260th article of the Louisiana Code, supports the opinion of the judge, and the reason on which the exclusion is pronounced by that article, seems to us to apply as well to natural, as to ligitimate children. *La. Code* 916.

Another bill of exceptions was taken to the judge refusing the plaintiff permission to give in evidence a bill of sale by which he had acquired the property. We learn by the bill of exceptions, that the evidence was offered as well to prove title in the slave, as to prove his value.

EASTERN DIS.
February, 1833.

DESLONDE,
F. M. C.
vs.
LE BRERET.

It was objected to because the title was not put at issue by the pleadings, and because the same was now more formally admitted on record, and second, that the act did not show the value of the slave at the time of his death, or at any other time.

We are of opinion the court erred. The price which the owner of a slave has paid for him, is very proper evidence to be laid before a jury of his value, though it is by no means conclusive. The fact appearing on the bill of sale, in the present instance, namely, that no particular value was affixed to the slave in question, but that a certain sum was given for him and several others, did not authorise the court to reject it, because the plaintiff might have shown from other testimony, that the other slaves were of equal value to the negro killed, and that consequently the sum paid for him, was the proportion to one which the whole number bore to the price given for all. It is no legal objection to evidence, that it does not *per se* prove the whole case, or make out a distinct fact completely. It is sufficient if it aids in arriving correctly at either.

A bill of sale, specifying the price paid for a slave, is proper evidence as to his value, though not conclusive.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed, and it is further ordered, that this cause be remanded for a new trial, with directions to the court, not to reject the bill of sale mentioned in the bill of exceptions, and it is further ordered, that the appellee pay the costs of this appeal.