JENNISON vs. WARMACK.

APPEAL FROM THE COURT OF THE EIGHTH DISTRICT, THE JUDGE OF THE FOURTH PRESIDING.

The act of 1808 for establishing prison bounds, among other purposes, was applicable to every part of the then territory.

The word "civil," in the act of 1828, abrogating laws anterior to the promulgation of the *Louisiana Code*, must be restricted to the Roman law and the laws of those countries which derive their jurisprudence from it, and is used in contradistinction to the laws of England and of the respective states.

The legislature of 1828, substituted in matters provided for by the *Code of Practice*, the rules of proceeding therein contained to pre-existing ones, but did not repeal laws which contained rules of proceeding to carry other laws into effect, and for which no substitute can be found in that Code.

The facts of the case are fully stated in the opinion of the court delivered by MARTIN, J.

The defendant is appellant from a judgment on a bond for the prison bounds. He has built his hopes of the reversal of it on several grounds; but the opinion we have formed on that which relates to the plaintiff's right to sue on the bond, without obtaining an endorsement of it from the sheriff, authorised by an order of court, after proof of a breach of the condition, renders the examination of any other part of his defence useless.

He has relied in this part of the case on the act of 1808. 1 *Moreau's Digest*, 572.

The opposite counsel has urged: First, that the provision relied on is applicable only to debtors availing themselves of the act in the parish and city of New-Orleans. Second, that the provision is contained in an act, the whole of which was repealed, as a *civil* law in force before the promulgation of the *Civil Code;* and if the whole act be not repealed, the

The act of 1808 for establishing prison bounds among other purposes, was applicable to every part of the then territory.

provision is a case of proceeding which existed before the promulgation of the *Code of Practice. Acts* of 1828, *p.* 160.

1. We are of opinion that the act of 1808 extended its influence over the whole then territory. It indeed provides specially for the limits of the prison bounds in the parish and city of New-Orleans, but it authorised the police jurors in the other parishes to fix the limits of the prison bounds in the respective parishes, and authorises debtors to avail themselves of the benefit of them, by giving bond, according to the provisions of the acts.

The word "civil" in the act of 1828, abrogating laws anterior to the promulgation of the *La. Code,* must be restricted to the Roman law and the laws of those countries which derive their jurisprudence from it, and is used in contradistinction to the laws of England and of the respective states.

The word *civil,* as applied in the act of 1828 to the laws in force in this state, anterior to the promulgation of the *Civil Code,* must not be considered as used in contradistinction with the word criminal, but must be restricted, as it frequently is in the jurisprudence of the other states of this union, and the country from which that jurisprudence is derived, to the Roman law and those of those countries who derived their jurisprudence from it, and used in contradistinction to the law of England, or those of the respective states.

The late *Civil Code,* 2169, contains an express provision, that both the voluntary and the forced surrender of property are to be governed by special laws, those laws must necessarily be those in force before the promulgation of the *Civil Code.*

As neither the Code nor that of Practice, nor any of those passed between the promulgation of them before the Act of of 1828, contains a provision for the disposition of property thus surrendered, the *Civil Code* recognises these surrenders; the repeal of the law providing for the disposition of this kind of property would be a nullification if not a repeal of the part of the Code recognising the legality of the surrenders.

Neither does it appear to us that the provision is repealed as a rule of proceeding which existed before the promulgation of the *Code of Practice.*

The legislature of 1828, substituted in matters provided for by the *Code of Practice* the rules of proceeding therein contained to pre-

The legislature of 1828, we believe, intended to substitute the rule of proceedings, in matters provided for by the *Code of Practice,* to pre-existing ones, but not to repeal those laws which contained rules of proceeding to carry them into effect,

and for which no rules of proceeding in the *Code of Practice*
could present a substitute. The latter Code is perfectly
silent as to the mode of disposing of ceded estates. Property
to a vast amount has been disposed of according to the rules
of proceeding existing before its promulgation.

existing ones, but did not repeal laws which contained rules of proceeding to carry other laws into effect, and for which no substitute can be found in that Code.

It is equally silent as to the mode of proceeding by which
debtors may be relieved from close imprisonment. We con-
sider the law enabling them to avoid it as still in force, and
the rule of proceeding they point out to them to avail them-
selves of those laws, and those to prevent them from abusing
the indulgence held out to them, as still in force.

The plaintiff not having conformed himself to the line of
conduct prescribed to him by the act of which he has sought
to avail himself, his suit was premature, since it was begun
without the endorsement of the bond; he ought to have been
non-suited.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be annulled, avoided and
reversed, and that judgment be entered for the defendant,
as in case of a non-suit, and that the plaintiff pay costs in
both courts.