EASTERN DIS.
May, 1841.

FORTINEAU
vs.
BOISSIERE.

The builder is a competent witness to testify in a suit between the plasterer and proprietor for his wages, when the latter has been employed independent of the building contract.

---

## FORTINEAU vs. BOISSIERE.

### APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW ORLEANS.

Great forbearance on the part of a creditor and holder towards the maker of a note, but who never appears to have given time so as to preclude himself from suing, and suspending his remedy to the prejudice of the endorser, the latter cannot complain or be exonerated.

Since the adoption of the act of 1823, excluding the testimony of the maker of a note, in a suit by the holder against the *endorser*, the maker cannot be admitted as a witness on any grounds; even if he be entirely *disinterested*.

This is a suit against the defendant, Boissière, and one

Jacques Lefort, as endorsers of two promissory notes, signed

by A. Rieffel, the 14th April, 1837, payable one year after date. This suit was instituted the 12th November, 1840, by the holder and endorsee.

The defendant, Boissière, pleaded the general issue ; and also a peremptory exception, averring he was discharged.— 1. The holder made a contract with the maker by which the debt is novated.—2. That he has given long time to the maker on receiving interest at ten per cent. up to the first of April, 1840; and promissing not to sue the maker.—3. Because the holder has novated the debt by a new contract with the maker. Upon these pleadings and issues the case was tried.

The only evidence in support of the defence, is the testimony of Dufour, and of M. V. Labarre, Esqr. which is embodied in the opinion of the court, and need not be recapitulated.

Rieffel, the maker of the note was offered as a witness, and also the proceedings and judgment, in a suit of the present plaintiff against Rieffel and others, on the original notes, for which those now sued on were given. Both the witness and record were rejected and bills of exception taken by the defendant's counsel to the opinion of the court.

There was judgment for the plaintiff and the defendant appealed.

*M. V. Labarre*, for the plaintiff.

*Morel & J. Seghers*, for the defendant and appellant.

*Morphy, J.* delivered the opinion of the court.

This suit is brought on two promisory notes drawn by Rieffel, to the order of, and endorsed by the defendant, amounting to $4,500 each. The petition contains the usual averments of protest and notice, and acknowledges a partial payment reducing the claim to $5,515. The defence is that the plaintiff has made a contract with the maker of these notes by which the debt is novated, that he has agreed to wait till

CASES IN THE SUPREME COURT

a distant day without suing him, and has received a certain sum for amount of interest, at the rate of ten per cent. per annum, till the 4th of August, 1840, and that by a new contract entered into with the maker of the notes, the plaintiff has discharged him from all liability. There was a judgment in the court below for the plaintiff, from which the defendant appealed.

If the facts set forth in this answer were clearly shown, there can be no doubt that they would have the effect of discharging defendant from all liability; but the whole evidence taken together hardly creates a presumption of that which should be fully and unequivocally made out.

Dufour, the principle witness of defendant, says that it was understood between Rieffel and Dusuan (plaintiff's agent) that Rieffel would make a lottery of his property; that Dusuan would have the choice of the notes for the payment of plaintiff's debt; that the plaintiff waited until the lottery was drawn, which was two or three months after, and that the notes sued on were given in renewal of two notes bearing mortgage on the property of Rieffel.

Mureville Volant Labarre, another witness for defendant, declares that plaintiff received, on account of the notes in suit, a sum of $4,000 by his having bought property of the estate of Mrs. Rieffel at auction.

From this testimony, taken in connection with the petition which claims interest on these notes only from the 4th of August, 1840, although they were under protest since 1838, it is contended that an agreement is shown to have existed between plaintiff and Rieffel, the drawer, that the latter should not be sued until the 4th of August, 1840. In order to warrant the conclusion drawn from these circumstances, it should have been shown that the interest was paid in advance and was the consideration given for the delay. We are not informed neither, at what time the $4000 were received by plaintiff by the purchase of real property. In the absence of any evidence on this head it appears to us reasonable to suppose that this

transaction took place about the 4th of August, 1840, and that this amount of money was imputed on the interest due up to that date, and next on the debt itself. We find in this case great forbearance on the part of plaintiff, but he never appears to have given time so as to preclude himself·from suing defendant and suspend his remedy against him to the ⁻prejudice of his endorser.

In relation to the alleged contract with Rieffel, by which the debt is said to have been novated, we are without any evidence whatever; but we find a bill of exceptions to the opinion of the Judge who rejected the testimony of Rieffel, the drawer of these notes. It is said that notwithstanding the statute of 1823, excluding the testimony of makers of notes in suits against endorsers, Rieffel should have been heard because he was offered as a disinterested witness, and could have been proved to be such. We think that the Judge·did not err. The ground of the rule under which a drawer was admitted to testify in a suit against an endorser was a.want of interest supposed to exist on account of his ultimate responsibility, whatever might be the result of the ⁻suit. Notwithstanding such was the well known reason of the rule, the·legislature has thought proper to prohibit in the clearest and strongest terms the admission of *drawers* as witnesses in suits against *endorsers;* and although the grounds of this prohibition are not very apparent to us, we are bound to suppose that it is based on considerations unconnected with the question of interest. But be this as it may, the letter of the law is too plain and imperative to be disregarded by us. In another bill of exceptions the defendant complains that the Judge rejected as; irrelevant, certain proceedings which had been instituted by plaintiff, in the District Court, on the mortgage notes of which those now sued on were renewals. From the facts set forth in the bill of exceptions, we cannot say that the Judge erred.

It is therefore ordered that the judgment appealed from be affirmed with costs.

EASTERN DIS.
May, 1841.

FORTINEAU
vs.
BOISSIERE.

Great forbearance on the part of a creditor and holder, towards the maker of a note, but who never appears to have given time so as to preclude himself from suing, and suspending his remedy to the prejudice of the endorser, the latter cannot complain or be exonerated.

Since the adoption of the act of 1823, excluding the testimony of the maker of a note, in a suit by the holder against the endorser, the maker cannot be admitted as a witness on any grounds; even if he be entirely disinterested.