## WILLIAM GARRETT JOHNSON *v.* BRISBANE MARSHALL and another.

Where the protest and certificate of notice have been made in the manner required by the act of 13 March, 1827, copies thereof, certified by the notary to be true copies from the originals in his office, will be evidence of all the matters therein contained. It is not necessary that the certificate should state that such copies were made from a record made in the presence of two witnesses.

The certificate of notice of the protest of a bill or note, signed by the notary alone, without the attestation of two witnesses, is insufficient. Such notice must be shown by testimony under oath, or by an official certificate in strict compliance with legal forms.

The general rules of evidence established by the Civil Code, book III, tit. IV, ch. 6, arts. 2229 to 2270, are applicable to all contracts whatever.

The act of 27 March, 1823, so far as it renders the maker of a note, bill of exchange, or other negotiable paper incompetent, under any circumstances, as a wit-

ness in an action against an endorser, was repealed by art. 3521 of the Civil Code.

In an action by the payee, against the endorsers of a note who put their names on it merely to secure its payment, the latter must be viewed as sureties, and as such will be entitled to avail themselves of all the pleas, not personal to the principal, of which he could take advantage : C. C. 2208.

One partner cannot sue another for any sum paid for the partnership, or any funds placed in it, until a final settlement, and then only for the balance which may be due.

APPEAL from the District Court of West Feliciana, *Weems*, J. presiding.

*Lobdell*, for the plaintiff..

*Bowman* and *Downs*, for the appellants.

SIMON, J.   The defendants, sued as endorsers of a promissory note drawn by one Thomas Short and Francis Routh *in solido*, are appellants from a judgment condemning them to pay the amount thereof.

The defence set up is : that the note sued on is a security obligation, contracted with the plaintiff, by the defendants and other persons, as sureties for Thomas Short, for the purpose of enabling Short and the plaintiff to carry on their tavern at the bay of Pascagoula, as partners in that concern ; that the plaintiff, having been charged to liquidate the concern, cannot maintain this action, not having settled the partnership accounts with Short ; and that, on a final settlement of the partnership, Short will not be found indebted to the partnership, or to his co-partner, in any sum.   They further plead division, and aver that the other parties to the note are equally bound, and able to pay their proportions of the obligation ; and conclude, by denying all the allegations contained in the petition.

Our attention has been first called to a bill of exceptions, taken to the opinion of the lower court overruling the defendants' objections to the receiving in evidence a duly certified copy of the protest and certificate of notice to the endorsers ; and it has been contended, that as the said copy did not purport to be a copy *from a record* made in the presence of two witnesses, it could not be admitted as legal evidence of notice.   The notary certifies that they "*are true copies from the originals in my office*;" and the certificate of service of the notices appears to have been attested

*by two witnesses.* By the act of 1827, concerning protests and notices to drawers and endorsers, it is provided, that whenever the notaries shall have made their protest and certificate of notice in the manner therein prescribed, *a certified copy of such protest and certificate, shall be evidence, of all matters therein stated.* Bullard & Curry's Digest, p. 43. The copies objected to in this case, appear to have been made in compliance with the act of 1827 ; and indeed, this question cannot be distinguished from the case of *Whittemore* v. *Leake and Howell,* 14 La. 394, in which the same objection was raised against the production of a similar copy. The case of *The Gas Light Bank* v. *Nuttall,* 19 La. 448, to which we have been referred, did not present the same question. There, the plaintiff produced a single certificate of the notary, without the attestation of witnesses, and we held that it was insufficient, and that " notice must be shown, either by testimony under oath, or by an official certificate in strict compliance with legal form."

The next bill of exceptions relates to the rejection of the testimony of Thomas Short, one of the makers of the note, whose evidence was introduced to establish the partnership alluded to in the defendants' answer, and the other facts necessary to prove the consideration of the note sued on in connection with the alleged partnership. This testimony was rejected by the court *a qua*, on the ground that Short, being a party to the note, was interested in the result, and that, notwithstanding the release, the testimony was taken at a time when he was interested. This question has been finally settled by the decision of this court in the case of *Waters* v. *Petrovie and Blanchard,* 19 La. 584, in which it was held, that the general rules of evidence established by the Civil Code, must be considered as applicable to all contracts whatever ; and in which we declare in substance, that the act of the 27th of March, 1823, so far as it renders the maker of a note, &c., an incompetent witness in an action against the endorser, is repealed by the last and repealing article of the Civil Code. This doctrine must be maintained: and, in accordance with it, we cannot hesitate to say, that the inferior judge erred in rejecting the testimony of Thomas Short, although he is one of the makers of the note sued

on. The objection may perhaps affect his credibility ; but it cannot, under our present laws, render him incompetent.

We must, therefore, consider the testimony of Short, which is found in the record, as being legally before us, and as making a part of the evidence adduced by the defendants in support of their defence.

On the merits, it has been shown that the note sued on was really given in consideration of the partnership contracted between Johnson and Short, and that its amount was to be used, in case it should have been discounted, as part of the partnership funds advanced by Thomas Short; that the plaintiff agreed, that if it could not be discounted, he would keep it on his own account; that Short might pay it off out of his share of the profits of their joint establishment ; and that the note might serve as ultimate security for the plaintiff in the event of accident or loss. The note sued on was given in lieu of one for $4000 which was given up by the plaintiff, who required the new note *to be secured by the same names ;* and it cannot be doubted that the defendants, and the other parties to the note, signed it for the only purpose of securing its amount. If so, they must be viewed in the light of sureties, and as such, they are entitled to avail themselves of all the pleas, not personal, to which the principal is entitled. Civil Code, arts. 2208, 3029. 12 Mart. 278. 10 La. 415.

The evidence also shows that the partnership in question was contracted in October, 1835 ; that it was to commence in December following ; that it was dissolved in December, 1836 ; and that it was agreed that, at the expiration of each year, a settlement of the partnership concerns should be effected, and a division of the profits declared. It appears further that no settlement of the partnership accounts or transactions has ever been made between the partners, and that the plaintiff took possession of the entire partnership property, and was to pay off the partnership debts, and render an account of his proceedings to his former partner, Thomas Short.

Under such facts and circumstances, it seems to us that we cannot, without injustice to the defendants, compel them to pay now the amount of the note sued on, which, or a part of which might, perhaps prove to be extinguished or compensated after a

fair settlement of the partnership concerns between the plaintiff and the maker of the note. As a partnership transaction, the note now in the hands of one of the partners, is subject to be included, and accounted for in the final settlement of the concerns. It is a debt due either to the partnership or to Thomas Short's co-partner, and it is clear that if this action had been instituted by the plaintiff against the maker, the latter would have been enabled, under the repeated decisions of this court, to resist any attempt to recover the amount sued for, on the ground that a partner has no action against another for any sum paid for the partnership, or any funds placed in it, until a final settlement takes place, and then only for the balance which appears due him. This rule has repeatedly and uniformly been recognized by this court. 10 Mart. 433. 3 Ib. N. S. 477. 6 Ib. N. S. 82. 2 La. 451. 13 La. 415. 1 Robinson, 383.

Under this view of the case, we conclude that this action was premature; and that the defendants, who, as sureties, are entitled to avail themselves of all the pleas, exceptions and other means of defence, not personal, which their principal could have opposed to the plaintiffs' demand, could not be proceeded against for the whole or part of the amount of the note sued on, but after a final and general settlement of accounts between the partners, and as a consequence of the liquidation of the partnership concerns.

It is therefore ordered and decreed, that the judgment of the District Court be annulled, and reversed, and that ours be for the defendants, as in case of nonsuit, with costs in both courts.