Martin, J.
The insolvent having sold certain encumbered landed property, he and the purchaser agreed that certain notes, which he was to receive as part of the price, should remain in deposit with Theodore Seghers, the notary before whom the act of sale was passed, until the land should be disencumbered, and then be delivered to the insolvent. The syndic, on the land being disencumbered, demanded the notes from the notary, who answered, that he had placed them for collection in the Consolidated, Citizens’ and Union Banks, in which they had been paid in notes of those institutions, which he had been compelled to receive from them, and which he tendered to the syndic, who repudiated the tender, and obtained a rule on the notary to show cause, why he should not deliver to the syndic all the notes deposited with him by the insolvent vendee.
The Parish Court gave judgment, that he should return to the syndic the sum of $280, the amount of Macoin’s note, paid in the Bank of Louisiana; the sum of $250, in notes of the Consolidated Bank, the amount of Gurlie’s note paid at said Bank ; and $280 in notes of the Union Bank, or specie, the amount of another note of Macoin.
From the judgment Seghers appealed ; and the syndic has prayed, that the judgment, so far as it relates to $250, the amount of Gurlie’s note, be amended, and that the payment thereof be decreed in specie, and not in notes' of the Consolidated Bank.
The record shows that Gnrlie’s note, and one of those of Ma- *244 coin, were placed, immediately as the notary received them, in the Consolidated and Citizens’ Banks,; that both these institutions stopped specie payment in the latter part of May, 1842; that both notes were suffered to remain in those Banks until they were paid by anticipation, the one on the 18th and the other on the 22d of June, 1842, in the depreciated notes of these Banks. As to the other note of Macoin, neither of the parties complains of the judgment appealed from, as it was not paid in the depreciated paper.
The counsel for the appellant urges, that banks are the safest places of deposit for money and notes ; but the appellee contends, that this is not the case with discredited banks, i. e., those whose notes are greatly depreciated, and from which neither money, nor anything nearly equal in value thereto, can be had; and that the appellant, as soon as he discovered that the Consolidated and Citizens’ Banks were institutions of the latter kind, should have withdrawn the notes therefrom, to prevent the persons who were bound to pay them, from doing so in valueless p>aper.
The appellant has urged, that he took the same care of the notes deposited with him in his official character, as he did of his own. In proof of this he exhibited his bank books; but, the appellee’s counsel has drawn our attention to these books, as being those only which related to the concerns of his office. The Parish Judge erred, in our opinion, in rejecting the syndic’s demand for the amount of Gurlie’s note in specie, and decreeing it to be paid in notes of the Consolidated Bank. We have not noticed that part of the judgment which relates to the note of Macoin, decreed to be paid in Union Bank notes or specie, because the appellee has not prayed for the amendment of the judgment in this respect.
The appellant attempted below to establish a ratification of his conduct by the insolvent, (in regard to the payment of Gurlie’s and Macoin’s notes in bank paper,) long before his insolvency. The testimony of the notary’s clerk to that effect, has been opposed by that of the insolvent, who was attempted to be repelled from the book, under the act of 1823, (Bullard & Curry’s Digest, 821, No. 3 ;) and a bill of exceptions was taken to the opinion of the First Judge, overruling the objection to his admission as a *245 witness. The court did not err. The Civil Code, art. 2169, to which we are referred to establish that the act of 1823 is still in force, has no reference to that act. The compilers of Bullard & Curry’s Digest have retained it; but have informed us in the preface to that work, that the disability of the insolvent under that act, has been removed by the Civil Code, art. 3521. See Waters v. Blanchard, &c. 19 La. 584; and Johnson v. Marshall et al. 4 Rob. 157. The testimony of the insolvent at least balances that of the notary’s clerk. No ratification is shown.
It is, therefore, ordered and decreed, that the judgment be annulled and reversed, and that-the appellee recover from the appellant the sum of five hundred and thirty dollars, the amount of one of Macoin’s notes and that of Gurlie ; and the farther sum of two hundred and eighty dollars in Union Bank notes or specie, the amount of Macoin’s other note ; with costs in both courts.