Simon, J.
This is an action against a married woman, as drawer of a note for $1500, executed by her with the authorization of her husband, and secured by a special mortgage on certain property described in the act alluded to in the plaintiff’s petition, and against the endorser of the note, which appears to have been duly protested for non-payment at maturity.
The defendants pleaded various exceptions which were overruléd; after which they filed separate answers, in which it is set up, that when the defendant, Anne Roach, signed the note sued on, she was a married Woman ; that the note was given for a debt of her husband’s contracting, viz., to enable him to fulfil a contract entered into by him with Municipality No. 1, for the paving of Bourbon street; and that such an obligation is not one which she is bound by law to pay. She further states, that she only signed the note as surety for her husband, which, by aw, she could not do; that she was in no manner benefitted by any part of the consideration received for said note ; and that it was not for her own separate use and advantage, nor for anything which her husband is not bound to furnish.
There was judgment below in favor of the plaintiff against both defendants, in solido, from which the defendants have appealed.
It appears from the recital of the act of mortgage, that Anne Roach declared herself therein as being truly indebted to the mortgagee in the sum of 81500, being the amount of a loan made by the latter to the mortgagor, and that nearly the whole amount of the loan was appropriated to the payment of the several mortgages therein described. The mortgagor was separated in property from her husband, who appeared in the act to authorize his wife to contract, and, so far as the stipulations contained in the act go to establish the consideration of the note sued on, and the manner in which the money said to have been loaned was invested, it would appear that the debt was contracted for the mortgagor’s use and private benefit. But this is denied by the *359 defendants, who have attempted to show by the evidence of Franpois Cheti, one of the persons who signed the act, that upon the note described therein as for $1000, drawn by Mrs. Roach, to his order, dated the 26th of March, 1839, payable one year after date, said Franpois Cheti did not receive one thousand dollars out of the money purporting to have been loaned by said act in payment of said note, but in fact only received one hundred dollars ; and that this last sum was, at the date of said act, the only balance due on the note, which balance was paid. This evidence was rejected by the Judge, a quo, on the ground that it would go to contradict an authentic act; and the defendants took a bill of exceptions.
We think the District Judge erred. The object of the evidence was, to establish that the money which appeared, from the act to have been loaned to the mortgagor, was not vested in the manner recited in that act; that the amount therein stated to have been paid to Cheti in discharge of the mortgagor’s debt, was not paid, but in point of fact was received by the husband, for whose benefit the loan was obtained and the mortgage given ; and that the truth was, that this .form of contract was adopted merely for the purpose of evading that provision of our Code which incapacitates the wife, whether separated in property or not, from binding herself for her husband, or conjointly with him, for debts contracted by him during the marriage. Civ. Code, art. 2412. This case is analogous to that of Pilie v. Patin and Husband, 8 Mart. N. S. 692, in which, after a full consideration of the question, the principle is plainly recognized, that the wife sued as principal, may show, by parol evidence, that she was only surety, although it would expressly contradict her declarations in an authentic act. The reasoning of this court appears to us conclusive : “ When certain persons, such as married women, are incapacitated from contracting engagements of a particular kind, any stipulations obtained from them contrary thereto, are in fraudem legis; and if it were not open to them to show the real nature of the transaction, the laws made for their protection would have no effect.” See also 5 Mart. N. S. 54, and 7 Ib. N. S. 341, in which it was held that, “ when the law incapacitates persons from making contracts of a particular kind, its provisions *360 cannot be evaded by giving to these contracts a different form from that forbidden by law, when, in substance, the contract is that prohibited.” It is, therefore, clear, that the proof offered should have been received.
The defendant, Anne Roach, also complains, that the testimony of her co-defendant, Holbert, who had made a separate answer, offered by her to prove that all the money received on the note sued on did not amount to more than $800 or $900, and that the whole of it was paid to her husband for certain purposes as set out in the answer, was rejected by the court, a qua, on the ground that the witness was interested in destroying the obligation of the maker of the note, on which he, the witness, is endorser. In this we think the District Judge did not err. It -is true, the endorser of a note is a competent witness for the maker for certain purposes, wherever the facts sought to be proved by his testimony have no tendency to affect his responsibility, or to discharge him from his obligation, or to change, as to him, the ultimate result of the suit. 3 Mart. 659. 9 Ibid. 465. 10 Ibid. 18. 5 Ibid. N. S. 142. 8 Ibid. N. S. 508. It is also true, that the act of 27th of March, 1823, so far as it renders the maker of a note, &c. an incompetent witness in an action against the endorser, is repealed by article 3521 of the Civil Code. See 19 La. 584, and the case of Johnson v. Marshall and another, 4 Robinson, 157. But here, the evidence rejected was introduced in support of the defence set up by both defendants. The defendant, Holbert, pleaded separately; but he adopted the very defence relied on by his co-defendant, and pleaded the same facts in answer as those set forth by Mrs. Roach. His testimony was properly rejected, as he could not testify in his own favor.
The record contains a third bill of exceptions, to the opinion of the court rejecting the testimony of Eugene Macarty, who was introduced as a witness by the defendants, and who, after being sworn, stated that he was the plaintiff's father. After an objection made by the plaintiff’s counsel to the competency of the witness under article 2260 of the Civil Code, it was discovered that the plaintiff was a man of color, and that, therefore, the witness, who was a white man, could not be his legitimate father under our laws. Civ. Code, art. 254. Whereupon the defen *361 dants insisted, that his testimony should be received, but the J udge, a quo, thought otherwise, and we think he decided correctly. We agree with him in the opinion that the law makes no distinction as to fathers by legal marriage or otherwise ; and from the terms of the article above quoted, it seems that the mere fact of the witness being the ascendant of the party, for or against whom he is called on to testify, is sufficient to render him incompetent. The exclusion is based upon the bias which would naturally and necessarily exist in the mind of the witness ; and it must apply as well to natural as to legitimate children. 5 La. 96.
It is, therefore, ordered and decreed, that the judgment of the District Court be annulled and reversed ; and that this case be remanded to the lower court for a new trial, with instructions to the Judge, a quo, not to reject the testimony of Francois Cheti, nor that of any other competent witness introduced in support of the defence set up by Mrs. Roach ; the plaintiff and appellee paying the costs of this appeal.