# JOHNSON v. DOWNS.

Where a note was made by an individual, and endorsed by several persons for his accommodation, to enable the maker and the plaintiff to carry on a partnership, and was delivered by the maker to his partner during the existence of the partnership, the endorsers must be considered as mere sureties, whose obligations are limited by that of their principal, the maker; and, to enable the plaintiff to recover against one of the endorsers, a settlement of the partnership must have been made.

APPEAL from the District Court of Ouachita, *Copley.* J. *Garrett,* for the appellant. *Downs,* defendant, *pro se. Richardson* and *Sharp,* on the same side. The judgment of the court was pronounced by

EUSTIS, C. J.    This suit is brought on a promissory note for $6000, dated June 18th, 1836, and payable twelve months after date. It is drawn by *Thomas Short* and *Francis Routh,* to the order of *B. Marshall,* and is by him endorsed; it also has the endorsements of *W. B. Fort, S. W. Downs,* and *Robert Haile.* The present suit is against the third endorser, *S. W. Downs.*

The defendant pleaded that the note sued on was given for the accommodation of *Short,* and that the endorsement was a mere suretyship, contracted by the endorsers in order to enable *Short* and the plaintiff, who was, at the time, his partner, to establish and carry on a public house at Pascagoula, in the State of Mississippi, under certain articles of partnership agreed upon between them; that the plaintiff did not himself comply with the conditions of the co-partnership; that, on the dissolution of the partnership, the plaintiff himself was charged with the liquidation of its affairs, and took in charge all the property, as well as the books and papers of the concern, and has not rendered any account of his administration, and has made no settlement of the partnership affairs with *Short,* his co-partner; by reason of which it is pleaded that this action cannot be maintained. It is further alleged as a defence that, on a settlement, *Short* will not be a debtor to the plaintiff, and that the plaintiff has been guilty of *laches* in not settling the partnership concerns, and recovering payment, if anything were due him, from the other endorsers, who have since became insolvent. The prescription of five years, and the general issue, are also pleaded.

The case was tried, and evidence taken, under these issues. The district judge non-suited the plaintiff, and he has appealed. The defendant, in his answer has prayed that the judgment of the District Court be reversed, and that there be final judgment in his favor.

As the note sued on was given by *Short* to his partner, during the partnership, the only ground on which an action could be maintained on it between the partners would be its entire disconnection with the partnership concerns and liabilities. If the note was given for an independent debt due by *Short* to *Johnson*, the recourse of the latter against the parties to the note would be unquestionable.

On an examination of the evidence, touching the origin of the note, we have no sufficient reasons for dissenting from the opinion on which the district judge rendered his judgment; and we find, in a suit of the same plaintiff against other endorsers on this note, which is part of the evidence in this, that the Supreme Court came to the conclusion that the note was identified with the partnership concerns of the plaintiff and *Short.* The case is reported in 4 Rob. 160. The court say that, if the action had been instituted against the maker of the note, no recovery could be had until a final settlement of the partnership was made, and then only for the balance ascertained to be due, according to the well settled rules of the law of partnership. The plaintiff was accordingly non-suited. We are also satisfied that, in endorsing this note for the purpose for which it was given, the endorsers were mere sureties, and that their obligations are limited by that of the principal, *Short,* towards his creditor, the plaintiff. To enable the plaintiff to recover against the defendant, therefore, a settlement of the partnership concerns must have been made. None having been made, the objection is, therefore, fatal to the present action.

It is contended by the counsel for the plaintiff that, the defendant is precluded from taking advantage of this plea of the non-settlement of the partnership accounts, by having pleaded other matters which go to the extinguishment of his obligation, and by his asking, on the appeal, for a final judgment in his favor, and pleading the prescription of ten years as limiting the action for the settlement of accounts between partners. In this opinion we do not concur. The only doubt on our minds has been, as to the correctness of the District Court in rendering the judgmen tas in case of non-suit, instead of a final judgment. But as the court appears to have decided exclusively on the plea before mentioned, we do not feel authorized to reverse it.     *Judgment affirmed.*