*BAUDUC'S SYNDICS vs. LAURENT.*

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Until the accounts of the partnership are settled, one partner has no action against the other, and of course prescription does not run.

In complicated transactions of several years standing, it is difficult to ascertain on what grounds the jury found their verdict, and in such cases it will not be disturbed.

The insolvent and the defendant were partners in the construction and navigation of steam-boats; the latter acting for several years as master and clerk. During this time, mutual advances and disbursements were made, and the present action was brought to recover from the defendant a balance which the plaintiff alleged to be due him. defendant pleaded the general issue ; prayed for a settlement of accounts, and judgment for such balance as should be found to result in his favour. The plaintiff, subsequently put in a plea of prescription to the defendant's claim, for wages as master and clerk. The cause was tried by a jury,

D3

BAUDUC'S SYN-
DICS
vs.
LAURENT.

who found a verdict for the defendant, and, from the judgment thereupon, the plaintiffs appealed.

*Seghers,* for appellants.   *Duncan,* for appellees.

*Martin, J.,* delivered the opinion of the court.

The petition shows the insolvent and defendant were joint owners of the steam-boat Florida, which was built and navigated by the defendant, who acted as clerk and master of her till some time in 1829, when she was sold at public auction for $11,000, which were deposited in the Bank of Louisiana: that the insolvent had furnished the defendant with all the money necessary for the building of the boat, and the defendant received all the freights and passage money carried during one hundred and six voyages, performed by the boat, while she was their joint property; and the insolvent received several sums of money, for account of the defendant, and made advances and disbursements according to accounts annexed to the petition, whereby a balance is due him by the defendant of $97,654, 90, subject to a deduction of such sums as the defendant may prove he spent in building or navigating the boat.   Judgment is prayed for accordingly, and for one half of the money deposited as aforesaid.

The defendant pleaded the general issue; but admitted he built and navigated the boat for the joint account of himself and the insolvent; that she was sold and the proceeds deposited, as stated in the petition.   That, in 1824, they both entered into a partnership, for continuing the navigation of a steam-boat, and purchased the steam-boat Packet, which was navigated till the spring of 1826, when she was sold, and the defendant went on his own and the insolvent's account to Pittsburg, where he built the steam-boat Florida, which he brought to New-Orleans, and afterwards navigated, for their joint account, on the Mississippi, till the year 1829, when she was sold as stated in the petition.

The answer concluded by an allegation that there was a

balance of about $ 26,000 due by the insolvent to the defen-
dant. A settlement of accounts for both boats was prayed
and judgment accordingly.

The case was submitted to a jury who found a verdict for
the defendant.

By the judgment the defendant was ordered to be placed
on the tableau of distribution, for a balance of $ 662 75, as
a chirography creditor, and as a privileged one for the
costs, and that one half of the money deposited in bank be
paid to him.

From this judgment, the syndics appealed, after an unsuc-
cessful attempt to obtain a new trial.

Two principal points have been presented to us.

1. A plea of prescription to the whole claim of the de-
fendant, for his wages, as clerk and master of the boat.

2. That the jury erred in allowing credit to the defendant
for a large amount of debts due to the boat, and alleged to
be uncollected, without any evidence of their existence or
of any diligence of the defendant in attempting to collect
them.

On the first point, there cannot be any doubt that the plea
was not admissible. In Drumgoole vs. Gardner et al., 10,
Martin, 135, we held that a partner has no action against
another (except to make him account) until a final settlement
takes place, and then for the balance that appears due. In
Ward vs. Brandt et al., 11, Martin, 333, we said a partner
has no claim against the other, till all claims against the
partnership be discharged; and, in Faurie et al. vs. Mil-
laudon, 3, Martin, N. S. 178, we recognised the principle
that a partner is not accountable for any transaction, nor
any number of transactions, but for the balance only, which
after a general settlement of accounts, may appear due.

Until the ac-
counts of the part-
nership are settled
one partner has no
action against the
other and of course
prescription does
not run.

It is clear, therefore, as it is admitted, the parties were
partners, and the accounts of the partnership were never
settled; the defendant could never have claimed the half of

<div style="margin-left:auto">

Eastern District,
June 1831.

BAUDUC'S SYN-
DICS
vs
LAURENT.

In complicated
transactions of se-
veral years stand-
ing it is difficult
to ascertain on
what grounds the
jury found their
verdict, and in
such cases it will
not be disturbed.

</div>

his wages, which the insolvent now bound for : *Contra non valentem agere non curret prescriptio.*

On the second point, the counsel of the syndics has relied on the new code, 2833. *Curia Peilipica*, 1, 3, *N.* 18, *p.* 274, *Partida* 5, 10, 7, *id.* 14, 22. *and Lopez's Commentary on the last law, Pothier mandat,* 47. This part of the case has appeared to us to turn less on a question of law than on that of fact. It was pressed on the district judge on the motion for a new trial. Upon complicated transactions of several years standing, it is difficult to ascertain the grounds taken by a jury in the process on which they formed their verdict. The parties had the benefit of an able and respectable jury of merchants, and the judge before whom the case was tried has expressed his satisfaction of their decision, and we see no reason to disturb it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.