## No. 4375.

### SUCCESSION OF MANETTE DUBREUIL.

In 1860, Manette Dubreuil died. Her estate consisted of the undivided half of a certain real estate, standing in the name of Charles Beebe, deceased. Manette Dubreuil had no legal heirs. Luke Beebe was her natural son, duly acknowledged and recognized as such by a judgment of the Second District Court of the parish of Orleans. In 1870, said Luke Beebe got judgment in his favor against the executor of Charles Beebe, to recover one-half of said property. In 1871, the children of a predeceased natural child of Manette Dubreuil, caused her will to be probated. These grandchildren and Luke Beebe were by said will made universal legatees; and the testatrix further declared that she acknowledged owing her son Luke a certain sum of money he had advanced to her for her benefit, and which she wished to be paid to him, with a certain rate of interest. The grandchildren and universal legatees, who are the contestants in this case against Luke, maintained that the passage of the testament above referred to was only the acknowledgment of a debt and not a legacy, and pleaded prescription;

Held—That it constituted a remunerative legacy; that the succession of Manette Dubreuil was an irregular succession; that representation is not admitted in such successions, except in the case of the succession for a natural child; that until the will of Manette Dubreuil was probated, Luke Beebe was the sole heir of the deceased; that, as such, he had no right to sue the estate, or to make a demand for payment of a debt due to him, as such debts are extinguished by confusion; that when the will was produced and probated, Luke Beebe ceased to be the sole heir; that his right as creditor became exigible, and that until then prescription did not begin to run.

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud*, J. *Lea, Finney & Miller*, for appellant. *Charvet, Duplantier* and *P. Duvigneaud*, for appellees.

LUDELING, C. J. This suit is to effect a partition and settlement of the succession of Manette Dubreuil. An order for the partition was made, referring the parties to a notary, who adjusted the accounts.

He allowed Luke Beebe the following items, to wit: Eight hundred dollars, with eight per cent. per annum interest, from the fifteenth of June, 1871, being the amount mentioned in the will of Manette Dubreuil, in favor of Luke Beebe; one hundred and eighty-six dollars and one hundred and nineteen dollars, debts of the deceased paid by Luke Beebe at her request, sundry sums, expenses of the last illness and of the funeral of the deceased, amounting to seven hundred and

ninety-two dollars and fifty cents, with eight per cent. interest during several years.

On the trial of the rule to homologate this account, the lower court rejected these items, holding that they were prescribed. From this judgment Luke Beebe appealed.

Manette Dubreuil died in 1860. Her estate consisted of an undivided half of certain real estate standing in the name of Charles Beebe, deceased. The property was inventoried as the property of Charles Beebe, and was claimed by his executor and heir.

The only evidence of the right of Manette Dubreuil to any part of the property was parol. Manette Dubreuil had no legal heirs. Luke Beebe is her natural son, duly acknowledged and recognized as such by a judgment of the Second District Court of New Orleans. He instituted suit against the executor of Charles Beebe to recover one-half of the property inventoried as Charles Beebe's, and in 1870 he succeeded in getting a judgment in his favor. The property thus secured is the subject of the present suit.

On the third of June, 1871, the children of a predeceased natural child of Manette Dubreuil caused her will to be probated.

By this will she instituted her two children, Luke and Elizabeth, and the grandchildren of her deceased son, John Dubreuil, to wit: John, Oneseine and Marie Dubreuil, her universal legatees, and she further declared in her will:

" Je reconnais devoir à mon dit fils Luke Beebe la somme de huit cents piastres, pour avances qu'il m'a faites en diverses fois pour me mettre à même de payer, mes banquettes, les taxes sur mes propriétés, mon médecin et les réparations que j'ai eu à faire à mes maisons.

" J'entends et je veux que cette somme lui soit remboursée et payée de suite après mon décès, avec un intérêt sur le pied de huit pour cent par an à partir de ce jour, quinze juin, mil huit cent cinquante-sept, jusqu'au paiement intégral de la ditte somme."

Elizabeth Beebe died before the testatrix, and the children of John Dubreuil are the contestants with Luke Beebe. They have pleaded prescription against the claims of Luke, contending that the passage of the testament above quoted is only an acknowledgment of a debt and not a legacy.

We think it constituted a remunerative legacy. 2 R. 292; 4 R. 397; 13 An. 87; 8 An. 362.

In order to appreciate correctly the question raised by the plea of prescription against the debts due Luke Beebe, it is necessary to understand the status of Luke Beebe and of the children of John Dubreuil.

The succession of Manette Dubreuil was an irregular succession. To such successions the law calls the surviving husband or wife; secondly, the natural children; and lastly, the State. C. C. art. 917.

Succession of Manette Dubreuil.

Representation is not admitted in such successions, except in the case of the succession of a natural child. C. C. 923. So that until the will of Manette Dubreuil was probated, Luke Beebe was the sole heir of the deceased. As such he had no right to sue the estate or to make a demand for payment of a debt due him. Such debts would be extinguished by confusion. When the will was produced and probated, Luke Beebe ceased to be the sole heir, and his right as creditor became exigible. Until then prescription did not begin to run. 11 Rob. 402; 2 La. 451; 13 An. 161; C. C., art. 3537.

It is therefore ordered and adjudged that the judgment of the lower court be so amended as to allow the appellant, in addition to the amounts allowed him by that judgment, the amount of the following items of the statement of accounts in this succession made by J. F. Coffey, notary, dated twenty-ninth of December, 1871, to wit: Item No. 3, $201; item No. 4, $150; item No. 5, $180; item No. 6, $102 50; item No. 7, $75; item No. 8, $30; item No. 9, $50; item No. 15, $186 and $119, one-half thereof, $152; item No. 12, $800—with interest at the rate of eight per cent. per annum on this last item, in accordance with the terms of the will, and five per cent. per annum interest on the other items, from the date of the probate of the will; and that the same be paid out of the property belonging to the succession of Manette Dubreuil, in due course of partition; and that as thus amended the judgment of the lower court be affirmed. It is further ordered that the appellees pay costs of appeal.