(83 South. 796)

No. 22401.

HAWKINS v. WILLIAMS et al.

(Feb. 2, 1920.)

*(Syllabus by Editorial Staff.)*

BASTARDS ⊂⇒105—LEGITIMATE CHILDREN OF ACKNOWLEDGED ILLEGITIMATE MOTHER DO NOT INHERIT THROUGH HER; "CHILDREN."

A legitimate child does not inherit by representation of her deceased mother, an interest in the estate of the latter's father, who had acknowledged the mother to be his illegitimate child; grandchildren not being children within Civ. Code, art. 919, as to inheritance by natural children from their natural father, who had acknowledged them; article 3556, No. 8, defining children, and article 929, stating when succession falls to the state, showing the word "children," with regard to illegitimate or natural children, means only descendants of the first degree; and articles 894–901, treating of representation, being part of a chapter treating only of legal successions.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Children.]

Dawkins, J., dissenting.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Suit by Dora Hawkins against Willis W. Williams and others. From a judgment of dismissal, plaintiff appeals. Affirmed.

Hardy, Grogan & Percy, of Shreveport, for appellant.

Thigpen & Herold, of Shreveport, and Elmo P. Lee, of Mansfield, for appellees.

O'NIELL, J. The plaintiff appeals from a judgment dismissing her suit on an exception of no cause or right of action. She claims title by inheritance from one Caleb Surry, deceased, to a ninth interest in a tract of land of which the defendants have possession as owners or lessees from the surviving acknowledged illegitimate sons and daughters of Caleb Surry. She alleges that she is the legitimate daughter and sole surviving heir of Charlotte Surry Hawkins, deceased, who was an acknowledged illegitimate daughter of Caleb Surry; and that the death of Charlotte Surry Hawkins occurred several years before the death of Caleb Surry.

The only question presented is whether the legitimate child inherited, by representation of her deceased mother, an interest in the estate of the latter's father, who had acknowledged the child's mother to be his illegitimate daughter.

We assume, in deciding the question presented, that the alleged acknowledgment of plaintiff's mother was made in one of the forms prescribed by article 203 of the Civil Code for changing the status of an illegitimate child from that of a bastard to that of a natural child, as the two classes of illegiti-

mate children are distinguished in article 202 of the Code.

If plaintiff's mother had survived the latter's father, she, plaintiff's mother, would have inherited a share in the succession of her father, under article 919 of the Code, viz.:

"Natural children are called to the inheritance of their natural father, who has duly acknowledged them, when he has left no descendants nor ascendants, nor collateral relations, nor surviving wife, and to the exclusion only of the state.

"In all other cases, they can only bring an action against their natural father or his heirs for alimony, the amount of which shall be determined, as is directed in the title: Of Father and Child."

Though the Code recognizes the relation between natural children and the parent who has acknowledged them, and recognizes the relation between or among natural brothers and sisters, it does not recognize a relation between grandparents and natural grandchildren, or between grandparents and the children of their natural children. The rule that, under the designation "children," are included the more remote direct descendants, does not apply to natural children. That is explained in the second paragraph of the definition No. 8, in article 3556 of the Code, explaining the terms used in the Code, viz.:

"8. *Children.*—Under this name are comprehended, not only the children of the first degree, but the grandchildren, great-grandchildren, and all other descendants in the direct line.

"Natural children, even though recognized, make no part of the children properly so called, unless they have been legitimated."

The word "recognized," in the paragraph last quoted, is used as synonymous with acknowledged, the word in the French text being "reconnus" which, in all other places where it appears in the Code, is translated "acknowledged." It is quite plain, therefore, that the broad definition of the word "children" in article 3556 (No. 8) of the Code, applies only to legitimate or legitimated children. In fact, apart from the explanation in the second paragraph of the definition No. 8 in article 3556 of the Code, it has been decided that that definition is not controlling where the word "children" is used in a context in which it would not be altogether reasonable to include grandchildren and great-grandchildren. See Walker v. Vicksburg, S. & P. Ry. Co., 110 La. 718, 34 South. 749, and Hunt v. New Orleans Ry. & Light Co., 140 La. 524, 73 South. 667. It would be unreasonable to say that the word "children," in the law having reference to the relation of parents to their acknowledged illegitimate children, should include grandchildren and great-grandchildren; for, in such case, there would be no reason for making a distinction in the three classes of so-called illegitimate grandchildren, viz.: (1) Illegitimate children of a legitimate child; (2) legitimate children of an illegitimate child; and (3) illegitimate children of an illegitimate child. If it could be said with reason that the word "children," in the expression "acknowledged illegitimate children," or "natural children," as used in article 919 of the Code, includes grandchildren, it must be conceded that the plaintiff is not, strictly speaking, an acknowledged illegitimate grandchild of Caleb Surry, because, although she is the daughter of an illegitimate child, she herself is a legitimate child. And, if she were an acknowledged illegitimate child, or natural child, of a legitimate child of Caleb Surry, although she would be his illegitimate grandchild, she would be excluded from any share in his succession, by the terms of article 921 of the Code, viz.:

"The law does not grant any right of inheritance to natural children to the estate of the legitimate relations of their father or mother."

Article 929 of the Code, which, in terms, denies the plaintiff a right of action in this

case, shows plainly that the word "children," with regard to illegitimate or natural children, means only the descendants of the first degree, viz.:

"In defect of lawful relations, or of a surviving husband or wife, or acknowledged natural children, the succession belongs to the state."

The word "defect," in the foregoing article, is an error—in truth a defect—in the translation of the word "*default*," in the French text of the corresponding article (923) of the Code of 1825, viz.: "*A default de parens legitimes, d'époux survivant, ou d'enfans naturels reconnus, la succession appartient à l'état.*"

"Representation," as defined in article 894 of the Code, "is a fiction of the law, the effect of which is to put the representative in the place, degree and rights of the person represented."

But this fiction of the law, called "representation," is dealt with only in the eight articles (894 to 901, inclusive) comprising a separate section (section 2) of chapter 2, treating only "Of Legal Successions," or successions devolving upon legal or legitimate relations, in title 1, "Of Successions." That title is divided into 13 chapters, which are subdivided into sections; thus: Chapter 1 treats "Of the Different Sorts of Successions and Heirs" and (by article 875) divides them into three classes: (1) "Testamentary Successions; (2) Legal Successions; and (3) Irregular Successions." Chapter 2 treats "Of Legal Successions," those falling to lawful descendant, ascendant, or collateral relations, and is divided into five sections, viz.: (1) General Rules; (2) Of Representation; (3) Of Successions Falling to Descendants; (4) Of Successions Falling to Ascendants; and (5) Of Successions Falling to Collaterals. And chapter 3 treats only "Of Irregular Successions," or successions descending to or from acknowledged illegitimate children,

or to a surviving husband or wife, or to the state.

The arrangement, therefore, of the subjects dealt with under the title "Of Successions" leaves no doubt that this fiction of the law, called "representation" does not apply to irregular successions. There is possibly one exception; for article 923 in chapter 3, Of Irregular Successions, declares that the estate of an acknowledged illegitimate child who dies without posterity, and who is not survived by the parent who has acknowledged him, "shall pass to his natural brothers and sisters, or to their descendants." Whether that means that the succession shall pass to such descendants if there be no natural brother or sister of the deceased, or means that the descendants of a deceased natural brother or sister shall, by representation, share with the surviving natural brothers and sisters of the deceased, need not be decided here.

In the Succession of Dubreuil, 25 La. Ann. 370, the court, assuming that representation did take place in the case stated in article 923 of the Code, decided that it did not take place otherwise in an irregular succession.

It is contended that the question whether representation is admitted in an irregular succession, otherwise than as article 923 might be construed, was not before the court for decision in the Succession of Dubreuil, and that the ruling was therefore mere obiter dictum. But the question was squarely presented, and called for a decision in this way: The deceased woman, Manette Dubreuil, was survived by an acknowledged illegitimate son, Luke Beebe, and three grandchildren, the children of a deceased acknowledged illegitimate son, John Dubreuil. Manette Dubreuil had had an illegitimate daughter, whom she had also acknowledged and remembered in her will, but who died before the testatrix died. In her will, she instituted her natural son and daughter and the chil-

dren of her deceased natural son her universal legatees, and stipulated that a certain sum of money which her natural son had loaned or advanced to her should be paid to him out of her estate. The will was not offered for probate until 11 years after Manette Dubreuil's death, when the three children of her deceased natural son presented the will and had it admitted to probate and ordered executed. In the meantime, the natural son, assuming that he was the sole heir, had sued for and recovered certain property belonging to his mother's estate. The three children of his deceased natural brother, after having the will probated, opposed the payment of the debt due to their natural uncle, as provided for in the will, on the ground that the debt was prescribed. The court, through Chief Justice Ludeling, ruled otherwise, reasoning thus:

"In order to appreciate correctly the question raised by the plea of prescription against the debts due Luke Beebe, it is necessary to understand the status of Luke Beebe and of the children of John Dubreuil.

"The succession of Manette Dubreuil was an irregular succession. To such successions the law calls the surviving husband or wife; secondly, the natural children; and lastly, the state. C. C. art. 917.

"Representation is not admitted in such successions, except in the case of the succession of a natural child. C. C. 923. So that, until the will of Manette Dubreuil was probated, Luke Beebe was the sole heir of the deceased. As such he had no right to sue the estate or to make a demand for payment of a debt due him. Such debts would be extinguished by confusion. When the will was produced and probated, Luke Beebe ceased to be the sole heir, and his right as creditor became exigible. Until then prescription did not begin to run."

The reason why representation is not allowed in irregular successions, but only in legal successions, is very plain. The right of possession, or seisin, of an estate, under articles 940, 941, 942, 943, and 944, is acquired only by legal heirs, testamentary heirs, instituted heirs, and universal legatees, not by irregular heirs. The doctrine, *le mort saisit le vif*, has no application to irregular successions. An irregular heir, a natural child or surviving husband or wife, inherits only a right of action to be judicially recognized as an heir and to obtain possession of the estate. And no one can transmit a right of action before having acquired it. Article 949 of the Code so explains, viz.:

"Natural children and the surviving husband or wife, before being put into possession of the estate left to them, are not considered as having succeeded to the deceased from the instant of his death; but they do not the less transmit their rights to their heirs, if they die before having made their demand to be put into possession. The reason is, that this sort of heirs having only a right of action to cause themselves to be put into possession of successions thus falling to them, this right and this action form a part of their succession, which they transmit to their heirs."

The judgment appealed from is affirmed.

DAWKINS, J., dissents.