BRUNOT, J.
 

 Anthony Celia opened the succession of his deceased wife, Katie Fernandez, in the civil district court for the parish of Orleans. The petition alleges the marriage; that Katie Fernandez died intestate ; that her succession consists of her interest in the community of acquets and gains existing between them; that the succession owes debts; that an administration thereof is necessary; and the prayer is that petitioner be appointed administrator. In due time,
 
 no
 
 opposition having been filed, Celia was appointed and qualified as administrator, and an inventory was made.
 

 In a subsequent petition, Anthony Celia alleged that his wife died without issue and left no surviving ascendants or descendants, and he prayed to be recognized as sole heir of his deceased wife’s interest in the community property, and that he be sent into possession of her estate as such. Judgment was rendered accordingly.
 

 A suit to annul that judgment was filed by Anthony A. Labuzan, the father and natural tutor, representing the minors Katherine Labuzan and Julius Labuzan, Mrs. Mary Labuzan, wife of Henry Yitrano, and Mrs. Louisa Jennetta Celia, wife of James N. Glynn, in which it is alleged that the three first-named plaintiffs are the issue of Mrs. Johanna Wingfield, wife of Anthony Labuzan, who was the daughter of Mrs. Katie Fernandez and Herman Wingfield, her first husband, and that Jennetta Celia is the issue of the marriage of Mrs. Katie Fernandez and Anthony Celia, her second husband. After the suit was filed, Jennetta Celia withdrew from the case, and it was prosecuted by the other plaintiffs. The trial resulted in a judgment rejecting the plaintiffs' demands at their cost, and they appealed.
 

 The proof in the record conclusively shows that the deceased was! never married to Herman Wingfield. There is proof that she lived with Herman Wingfield for several years prior to her marriage to Anthony Celia, that the sole issue of this illicit relation was a daughter, who grew up and married Anthony Labuzan, and the plaintiffs in this suit are the legitimate issue of that marriage. The learned trial judge carefully and exhaustively reviewed all of the oral and documentary evidence in the record in his reasons for refusing the plaintiffs a new trial. We have read the record in connection therewith, and we find no error in his conclusions. To again review the facts would serve no other purpose than to needlessly lengthen this opinion. See Hawkins v. Williams, 146 La. 529, 83 So. 796.
 

 For these reasons the judgment appealed from is affirmed at appellants’ cost.