No. 2629

Second Circuit

----

BROOKS ET AL. v. HOUSE ET AL.

----

(July 1, 1929. Opinion and Decree.)

----

Dickson and Denny, of Shreveport, attorneys for plaintiffs, appellees.

Thigpen, Herold, Lee & Cousin, of Shreveport, attorneys for defendants, appellants.

ODOM. J. Annie Thomas House died intestate, leaving neither father nor mother nor legitimate descendants, but was survived by her husband, Joe House, and the plaintiffs, John Brooks and Corine Jackson, both duly acknowledged illegitimate children who were born before she was married to Joe House and are not his children.

The question involved is one of law and is whether the husband or the acknowledged, illegitimate children of the deceased inherit her share of the community property, under Article 915 of the Civil Code, as amended by Act 160 of 1920. The judge of the district court held that the property was inherited by the children and the husband appealed to this court.

We certified the question to the Supreme Court and asked for instructions, under authority of Sec. 25, Art. VII of the Constitution. The opinion of the court is as follows:

"The case depends upon a correct interpretation of article 915 of the Civil Code, as amended by Act 160 of 1920, p. 250, and as compared with articles 918 and 919 of the Code. Article 915, as amended, declares:

" 'When either husband or wife shall die, leaving a father nor mother nor descendants, and without having disposed by last will and testament of his or her share of the community property, such undisposed of share shall be inherited by the surviving spouse in full ownership. In the event the deceased leave descendants his or her share in the community estate shall be inherited by such descendants in the manner provided by law. Should the deceased leave no descendants, but a father and mother, or either, then the share of the deceased in the community estate shall be divided in two equal portions, one of which shall go to the father and mother or the survivor of them, and the other portion shall go to the surviving spouse.'

"The question propounded by the Court of Appeal is whether the word 'descendants,' as used in article 915 of the Code, means only legitimate descendants, or includes also acknowledged illegitimate children of the deceased. Our answer is that 'descendants,' as used in article 915 of the Code, means descendants who, under other provisions of the Code, would inherit from the deceased, to the exclusion of the surviving spouse. That means that, if the wife dies, and is survived by her husband and by acknowledged illegitimate children, the children inherit, to the exclusion of the husband, because article 918 of the Code declares that acknowledged illegitimate children inherit from their mother, if she leaves no legitimate descendants, to the exclusion of the parents and other ascendants or collateral relations; whereas, if the husband dies, survived by the wife and by acknowledged illegitimate children, the wife inherits the estate to the exclusion of the children, because article 919 of the Code declares that acknowledged illegitimate children inherit from their father only when he has left neither lawful relations *nor surviving wife,* 'and to the exclusion only of the State.'

"The fact that article 915 of the Code, as amended, allows the surviving spouse to inherit the share of the deceased spouse in the community property *only when the deceased spouse has left no descendants,* shows that it was not intended that the surviving spouse should inherit that part of the estate of the deceased spouse in any case where a descendant heir of the deceased would otherwise inherit the estate. That is made plain by the second

sentence in the article, as amended, viz: 'In the event the deceased leave descendants his or her share in the community estate shall be inherited by such descendants in the manner provided by law.' That does not allow acknowledged illegitimate children of the husband to inherit his share of the community estate, to the exclusion of his wife, but it allows acknowledged illegitimate children of the wife to inherit her share of the community estate, to the exclusion of her husband,—'in the manner provided by law.'

"Originally, article 915 of the Revised Civil Code gave the surviving spouse only the usufruct of the share of the deceased spouse in the community property, when there was neither a parent nor descendant surviving. There was no such article in the Code of 1825. Articles 915 and 916, both relating to the usufruct in favor of the surviving spouse, of the share of the deceased spouse in the community property, were adopted as Sections 1 and 2, respectively, of Act 152 of 1844, p. 99. Article 915 in the revision of the Code, in 1870, read thus:

" 'In all cases when either husband or wife shall die, leaving no ascendants or descendants, and without having disposed by last will and testament of his or her share in the community property, such share shall be held by the survivor in usufruct during his or her natural life.'

"The article was amended first by Act 57 of 1910, the only change being that the words 'held by the survivor in usufruct during his or her natural life' were changed to 'inherited by the survivor in full ownership.' The article was amended and re-enacted again by the Act 80 of 1916, p. 201, so as to read, substantially, as it reads now, except that, in the second and third sentence of the act of 1916, the share of the deceased in the community estate was called 'the estate.' In the Succession of Greenlaw, 148 La. 255, 86 So. 786, it was held that the statute referred only to the community estate. The Act 160 of 1920 was enacted while the Greenlaw case was pending in this court, and amended the article of the Code so as to leave no doubt that it referred only to the community estate. It is certain that, as originally enacted, the provisions of article 915 of the Code were not intended to give the surviving spouse the usufruct of the share of the deceased spouse in the community property in any case where there was a surviving *descendant* entitled to inherit the estate of the deceased. And so, when the original language, 'shall be held by the survivor in usufruct during his or her natural life,' was changed to 'shall be held by the survivor in full ownership,' the intention was that the *full ownership* should be inherited by the surviving spouse in those cases only where theretofore the *usufruct* only was vested in him or her.

"Our answer, therefore, to the question propounded by the Court of Appeal, is that the acknowledged illegitimate children of the deceased are entitled to inherit her share of the community estate, to the exclusion of the surviving husband;—in other words, that the judgment of the District Court is correct and should be affirmed."

The judgment appealed from is affirmed, with all costs.