55 So.2d 596 (1951)
ALLEN
v.
ANDERSON et al.
No. 19767.
Court of Appeal of Louisiana, Orleans.
December 10, 1951.
*597 Andrew H. Thalheim and Richard A. Thalheim, Gretna, for plaintiff and appellant.
Parnell J. Hyland, New Orleans, for defendants and appellees.
McBRIDE, Judge.
This appeal, taken by Riley Allen from an adverse judgment, involves his suit against Cyril Joseph Anderson, Raymond Anderson, and Beatrice Chandler Hills, seeking to have himself judicially declared the owner of and entitled to the undisturbed possession of Lots 7, 8, and 9 of Block 28, Stafford Subdivision, Jefferson Parish, which is occupied by the defendants. By his suit, Allen also seeks to have set aside a certain judgment which was rendered on March 16, 1950, by the Twenty-fourth Judicial District Court for the Parish of Jefferson, which recognized the defendants as the children and sole heirs of Belle Fraser Raney, and sent them into possession of said decedent's undivided one-half community interest in the property, for the reason that the defendants were born out of wedlock to Belle Fraser Raney, and were never "legitimated."
To set forth the interrelation of the parties and the subject of the suit, the preliminary facts may be stated thus:
Richard Raney purchased the property on December 12, 1924, during his marriage with Belle Fraser Raney. He was married to her one April 23, 1921, and she died on February 21, 1942. On March 24, 1948, there was judgment rendered in the succession of Belle Fraser, under docket No. 20781 of the Twenty-fourth Judicial District Court for the Parish of Jefferson, recognizing Richard Raney as the surviving *598 husband of the decedent and placing him into possession of the decedent's undivided one-half community interest in the property. Raney represented to the court in the succession proceedings that the decedent had died intestate and left no ascendants, descendants, or adopted children.
On April 6, 1948, the present plaintiff, Riley Allen, bought the property from Richard Raney by authentic act.
On March 16, 1950, on the initiation of the three defendants herein, another proceeding, styled "Succession of Bella Frazier Rainey," docket No. 23567 of the Twenty-fourth Judicial District Court for the Parish of Jefferson, was commenced. Cyril Joseph Anderson, Raymond Anderson, and Beatrice Chandler Hills, in their petition in said proceedings, alleged that they are the only children and sole heirs at law of the decedent, and prayed that they be placed into possession of the decedent's community interest in the property. They set forth that the decedent had been married three times; that Beatrice Chandler Hills is the legitimate issue of the union between decedent and Willie Chandler, her first husband, and that Cyril Joseph Anderson and Raymond Anderson are her legitimate children, issue of her marriage with William Anderson, her second husband. They also prayed that Richard Raney, decedent's surviving husband in community, be recognized and sent into possession of his community interest in the property. On the same day, judgment was rendered in accordance with the prayer of the petition.
On May 5, 1950, Riley Allen, who had bought the property from Richard Raney as aforesaid, filed suit to evict "Joseph Anderson & Occupants" therefrom, on the ground that Joseph Anderson was the tenant of Riley Allen and had failed to meet the payment of rent. Anderson resisted this suit by filing answer in which he denied that the relationship of landlord and tenant existed between Allen and himself. He further set up as a defense that he "and others" are joint owners of the property by virtue of the judgment in proceedings No. 23567, which entitles them to possess as owners. Nothing further transpired in the possession suit. The proceedings have no connection with the issues involved in the present suit, and we mention them merely to set forth the situations of the various parties.
There then followed the instant suit, which was commenced on October 13, 1950. Riley Allen rests his case on his acquisition from Richard Raney and the judgment recognizing the latter as the owner of Belle Fraser's community interest in the property, rendered in proceedings No. 20781. He assails the judgment in proceedings No. 23567, which decreed the defendants to be the owners of the community one-half of Belle Fraser in the property. The defendants contend for the validity of this judgment, and affirmatively assert that they are the lawful owners of one-half of the property in dispute.
The trial judge held that the defendants were the legitimate offspring of Belle Fraser. He found as a fact that she had been married first to Willie Chandler, and that Beatrice Chandler Hills was born of that marriage. He also found as a fact that Belle Fraser subsequently married William Anderson, and that Cyril Joseph Anderson and Raymond Anderson were legitimate children of that union.
The burden of proving the marriages and their legitimacy, in view of the denial of plaintiff, rested with defendants, who are asserting rights arising from those relations. Doiron v. Vacuum Oil Co., 164 La. 15, 113 So. 748.
Belle Fraser was born in Raceland, Lafourche Parish, and left there when about thirteen years old, the time not being established by the record, to reside in a place which the witnesses refer to as "Pattersonville." From their geographical description of the town, we entertain no doubt that it was Patterson, in St. Mary Parish, to which Belle Fraser moved.
No marriage certificate was ever produced, and the defendants rely on parolevidence to show the existence of a marriage between Belle Fraser and Willie Chandler. In the absence of higher evidence, a marriage may be so established. *599 Succession of Anderson, 176 La. 66, 145 So. 270. To that end, two relatives of Beatrice Chandler Hills were produced as witnesses. There is no need to dwell at any length on their testimony, except to say that it falls far short of proving that a presumptive marriage resulted from the general reputation of the parties. The testimony given by one of the witnesses is so unsatisfactory as to warrant the thought that the events narrated by him were entirely fictive.
Not alone have defendants failed to prove the existence of the marriage, but we have before us a certificate from the office of the clerk of court of St. Mary Parish, which is in evidence, setting forth that the marriage records between 1820 and 1951 show no marriage between Belle Fraser and Willie Chandler. Of course, it is possible that the marriage ceremony, if such actually took place, could have been performed elsewhere, but as Belle Fraser moved to Patterson during childhood, and continued to live there, we feel sure that her marriage would not have taken place in any other parish.
No proof was introduced attesting to the legitimacy of Cyril Joseph Anderson and Raymond Anderson. They were born to Belle Fraser in New Orleans during the period when she was living with William Anderson, who reported their births to the Recorder of Births, Deaths, and Marriages in the City of New Orleans. The birth certificates contain the information that Belle Fraser's two children are illegitimate issue of William Anderson and Belle Fraser.
The theory of plaintiff's case is that none of the defendants are capable of inheriting Belle Fraser's community interest in the property, because they had never been legitimated. Counsel has evidently confused "legitimation" with "acknowledgment." No evidence of any kind was produced which shows that Belle Fraser ever legitimated her offspring in any of the modes provided by R.C.C. arts. 198, 200, and LSA-RS 9:391. Neither was it shown that she ever formally acknowledged them in accordance with R.C.C. art. 203. However, the evidence clearly shows that Beatrice Chandler Hills, who was born in 1900, was informally acknowledged by her mother to be her daughter. After the death of Willie Chandler, who died when the child Beatrice was three years old, Belle Fraser left the child in Patterson and came to New Orleans. Unquestionably she left her child only temporarily, for we find that a few years later she returned to Patterson and brought the child to New Orleans. Beatrice Chandler Hills continued to reside with her mother at least up to the time that Belle Fraser contracted marriage in 1921 with Richard Raney. Beatrice Chandler Hills says that her mother "raised" her, and it is not to be doubted that during all of those years that Beatrice Chandler Hills lived with her mother, Belle Fraser treated her and held her out as her natural child, even to the knowledge of Richard Raney, who incidentally did not appear at the trial as a witness.
The effect of the acknowledgment of an illegitimate child is to elevate the child from the status of bastard to that of natural child. R.C.C. art. 202. An acknowledgment of children whose parents were incapable of contracting marriage at the time of conception cannot be made. R.C.C. art. 204.
Notwithstanding that R.C.C. art. 203 seems to provide that the acknowledgment must be made by declaration executed before a notary public in the presence of two witnesses, by the father and mother or either of them, whenever it shall not appear to have been made in the registering of the birth or baptism of the child, there is abundant authority holding that an acknowledgment of a bastard as her child by the mother, even though informal, is sufficient to lift the child to the category of a natural child, provided that the child was neither an incestuous nor an adulterous one. See State v. De Lavallade et al., 215 La. 123, 39 So.2d 845.
The First Circuit Court of Appeal, in Succession of Falls, 2 La.App. 759, held that a mother could effectually acknowledge her illegitimate child by merely raising it and treating it as her child, without complying with R.C.C. art. 203.
*600 If Cyril Joseph Anderson and Raymond Anderson were ever acknowledged in any fashion by Belle Fraser, that is something that does not appear in the transcript. It may be that the action of William Anderson in registering the births of those children as his illegitimates constituted an acknowledgment of them on his part, but we are certain that such did not have the effect of an acknowledgment as to Belle Fraser, for there is no proof that she was a party to the recording of the births, or concurred therein, or was even aware of the statements made by William Anderson to the recorder, or that she knew of the contents of the birth certificates. If there was an acknowledgment by William Anderson, without the concurrence or consent of the mother of the children, it would have effect only with respect to the father. R.C.C. art. 205.
Bearing, as she did, the relationship of an acknowledged natural child as to her mother, Beatrice Chandler Hills, upon the death of Belle Fraser, was called to her mother's succession, as there were no lawful children, thereby excluding Belle Fraser's surviving husband in community, Richard Raney.
R.C.C. art. 920 prohibits bastard, adulterous, or incestuous children from inheriting the estates of their natural father and mother, and relegates them to nothing more than a mere alimony. Acknowledged children, under the terms of R.C.C. art. 918, are endowed with legal capacity to inherit the estate of their natural mother: "Natural children are called to the legal succession of their natural mother, when they have been duly acknowledged by her, if she has left no lawful children or descendants, to the exclusion of her father and mother and other ascendants or collaterals of lawful kindred."
Richard Raney's claim to the community interest of Belle Fraser is based on the provisions of R.C.C. art. 915, the terms of which provide that when either the husband or wife shall die, leaving neither a father nor mother nor descendants, and without having disposed by last will and testament of his or her share of the community property, such undisposed of share shall be inherited by the surviving spouse in full ownership.
The problem whether acknowledged illegitimate children of the wife, born before her marriage, and not the issue of the husband, could take her share in the community estate to the exclusion of the surviving husband who laid claim to it under R.C.C. art. 915, was settled by the Supreme Court in Brooks v. House, 168 La. 542, 122 So. 844, 845, the Court there saying: "* * * acknowledged illegitimate children of the deceased are entitled to inherit her share of the community estate, to the exclusion of the surviving husband; * * *."
Beatrice Chandler Hills, therefore, was qualified legally to inherit from her mother, not as a legitimate child, as the trial judge erroneously found her to be, but as a natural child duly acknowledged.
We say nothing as to the rights of Cyril Joseph Anderson and Raymond Anderson, as there is no evidence which could be used as a foundation for fixing their status. Whether they are in the category of bastards or natural children is immaterial in view of our holding that Beatrice Chandler Hills was Belle Fraser's natural child and called to her succession.
On the death of Belle Fraser, the only interest in the property which Richard Raney had was his community share, and he could convey and transmit no more than that to his vendee, Riley Allen.
We are not concerned with the legal rights and obligations of Beatrice Chandler Hills, Cyril Joseph Anderson, and Raymond Anderson inter sese. The basic issue in the suit is the extent of Riley Allen's ownership in the property, and we have resolved that issue by concluding that his interest amounts only to an undivided one-half. This being a petitory action, the plaintiff must recover on the strength of his own title and not on the weakness of defendants' title. His suit must, therefore, fall.
In the alternative, Riley Allen prayed that if the court found that the defendants are the owners of an undivided one-half of the property, he should be permitted to recover *601 rent for each month that the defendants occupied his share of the property after his acquisition of it. This alternative demand was dismissed by the court below on an exception of no cause of action filed by defendants, and plaintiff has abandoned his claim for rent, with reservation of all his rights.
For the reasons above assigned, the judgment appealed from is affirmed.
Affirmed.