LEAR, Judge.
This litigation involves about eighty ar-pents of land situated in the Parish of Assumption owned in indivisión by petitioner and defendants, co-heirs.
This property was purchased in 1917 by the community existing between Clay Bar-rilleaux and Florence Richard.
Clay Barrilleaux died intestate in 1919, leaving as his sole heirs Florence Richard and Clebert Barrilleaux, his father. His succession was never formally opened and hence no judgment of possession was signed granting ownership of their respective interests to his widow and father. However, both tacitly accepted his succession and estate.
Florence Richard was, of course, the owner of an undivided one-half interest in said property by virtue of her ownership of one-half of the community.
Civil Code Article 915, as amended by Act 80 of 1916, provided for the inheritance of *715 Clay Barrilleaux’s one-half of the property by Florence Richard and Clebert Barril-leaux in the proportion of one-half each.
Mrs. Florence Richard died testate in 1973 leaving her entire estate to petitioner.
The twenty-three defendants are children and descendants of Clebert Barrilleaux and are collateral relations of Clay Barrilleaux.
Defendants admit that plaintiff owns one-half interest in the property by virtue of her community ownership, but deny that she owns the additional one-fourth because she was an irregular heir of Clay Barril-leaux and her failure to formally open his succession and be recognized as such was fatal to her claim because the doctrine, le mort saisit le vif, does not apply to irregular heirs.
Petitioner on the other hand relies on Civil Code Article 915 as amended by Act 408 of 1938, which provides that a wife “ . . . shall inherit as a legal heir by operation of law, and without the necessity of compliance with the forms of law provided in this chapter for the placing of irregular heirs in possession of the successions to which they are called.”
The question then arises as to whether the 1938 amendment to Civil Code Article 915 was of a substantive nature and hence could have no retroactive effect on whether it was merely procedural and hence retroactive so as to formalize Florence Richard’s tacit acceptance of Clay Barrilleaux’s succession and to invest in her complete and full ownership of one-half of Clay Barril-leaux’s interest in the community.
Neither petitioner nor defendants could cite any case as precedent nor could this Court’s independent research uncover such authority.
We do not have the benefit of the trial judge's reasons for concluding that the 1938 Amendment to Civil Code Article 915 was procedural; however, it is unnecessary that this question be resolved in this particular case.
Under Article 1030 of the Civil Code, an irregular heir has 30 years within which to elect whether to accept or reject the succession to which he is called. See Succession of Tyson, 186 La. 516, 172 So. 772 (1937). Florence Richard therefore had until 1948 to make her election.
However, by Act 408 of 1938, Article 915 was amended in part so as to provide that the surviving spouse would, under the circumstances of this case, inherit half of the deceased spouse’s share in the community “as a legal heir by operation of law, and without the necessity of compliance with the forms of law provided in this chapter for the placing of irregular heirs in possession of the successions to which they are called”.
As of that time, the law did for Florence Richard what she had theretofore failed to do for herself, since it was no longer necessary to exercise her right contradictorily with the other irregular heirs, and she became vested with ownership of half of Clay Barrilleaux’s community interest in the property.
For the reasons above, the decree of the trial court is approved and will be affirmed; all costs of this appeal to be paid by appellants.
AFFIRMED.