CULPEPPER, Judge Pro Tern.
In this suit for declaratory judgment to have six [1] plaintiffs declared to be the owners of immovable property located in Ten-sas Parish, eleven[2] defendants appeal an adverse judgment. The pivotal issue presented in this appeal is whether as a matter of law, the defendants are entitled to participate in a succession through the legal fiction known as “representation”. Finding no error in the trial court’s ruling for the reasons hereinafter assigned, we affirm.
FACTS
The factual posture of this case is not in dispute. Mose Gwinn and Ann Lewis Gwinn were married on April 25, 1901 in Tensas Parish, Louisiana. No children were born of the marriage, and Mose Gwinn had no other children. However, Ann Lewis Gwinn was the mother of two children, Haywood Daniels and Henry Daniels, both of whom were born prior to her marriage. There is no evidence that Ann Lewis Gwinn was married to the father of her children, who both predeceased their mother, Henry without issue, and Haywood with four children, namely, Andrew Daniel, Annie Lee Daniels, Josephine Daniels James Meredith and Mary Daniels Williams.
By deed dated September 23, 1929, and October 3, 1929, Mose Gwinn, while married to Ann Lewis Gwinn, acquired the following property from S.M. Seaton:
All that portion of Sec. 34, Township 11 North, Range 11 East lying North and West of Fox Lake, containing 123.00 acres, more or less, said land being a part of the OSCELOLA Plantation and fully described by plat of survey of same made by J.W. Babbitt, Registered Engineer, in Aug., 1929, which said plat was recorded on November 4, 1929 in Notarial Book “W”, page 22.
Ann Lewis Gwinn died intestate, domiciled in Tensas Parish, Louisiana in 1962. Mose Gwinn died intestate on July 3, 1966. Mose Gwinn was one of six children of the marriage of Martin Gwinn and Keziah Hays. Jim Gwinn and Gertrude Gwinn Honeywood, his brother and sister, predeceased him without issue. Another sister, *524 Fannie Gwinn, and her issue predeceased him as did another sister, Mamie, who died without issue.
His remaining sister, Rosie Gwinn Cooper, (aka Rosa Gwynne Cooper) predeceased him on October 6, 1963. She had been married one time to Abraham Cooper. Although she and her husband separated prior to the birth of her four children, there is no evidence of a divorce or the death of Abraham Cooper prior to the birth of these children, who are Caleb Shorts and Irene McKinney, now living; Annie Bell Robinson, who predeceased her mother on May 8, 1961, leaving one child, Moses Strange; Beatrice Robinson, who also predeceased her mother and was the mother of one child, Roosevelt Turner, who died without issue; and Nathaniel Shorts, who died June 10, 1979, leaving three children, Nathaniel Shorts, Jr., Mateal Shorts Porchay and Mamie Shorts Kennedy, all issue of his marriage to Lizzie Johnson.
The relationships between all of the above named individuals are more fully depicted on the diagram set forth below:
*525 [[Image here]]
*526 TRIAL COURT’S RULING
After considering all of the evidence, the trial court found that after the death of Ann Lewis Gwinn, Mose Gwinn continued in possession of the entirety of this land and its improvements which had belonged to the community of acquets and gains existing between them thereby tacitly accepting the succession of his wife. The trial court further found that while it was established that Abraham Cooper was not the biological father of the children of Rosie Gwinn Cooper, these children were presumed to be his under the provisions of La.C.C.Art. 184 as it applied at the time of their births. From these facts, the trial court concluded that Mose Gwinn inherited his wife’s portion of the community property to the exclusion of the descendants of her natural children and that the sole heirs of Mose Gwinn were the plaintiffs, whom it declared to be the owners of the property in question.
SPECIFICATION OF ERROR
While assigning no specific errors, it is defendant’s contention that upon the death of Ann Lewis Gwinn, her community interest in the property passed to them by virtue of the provisions of La.C.C.Art. 915:
When either husband or wife shall die, leaving neither a father nor mother nor descendants, and without having disposed by last will and testament of his or her share of the community property, such undisposed of share shall be inherited by the surviving spouse in full ownership. In the event the deceased leave descendants, his or her share in the community estate shall be inherited by such descendants in the manner provided by law. Should the deceased leave no descendants, but a father and mother, or either, then the share of the deceased in the community estate shall be divided in two equal portions, one of which shall go to the father and mother or the survivor of them, and the other portion shall go to the surviving spouse, who, together with father or mother inheriting in the absence of descendants, as provided above, shall inherit as a legal heir by operation of law, and without the necessity of compliance with the forms of law provided in this chapter for the placing of irregular heirs in possession of the successions to which they are called.
In support of their position, they cite the case of Brooks v. House, 168 La. 542, 122 So. 844 (1929), which held that the acknowledged illegitimate children of the wife born before her marriage and not issue of the husband, inherit her share of the community property to the exclusion of the surviving husband. They argue that “descendants” as utilized in La.C.C.Art. 915 is not limited to legitimate children but as contemplated within the definition of legal heirs in La.C.C. Art. 887, includes “children and other lawful descendants”. Further cited in support of their position are La. C.C. 917 and 918, both of which modified the term “descendants” with the term “lawful”, all of which according to defendants indicates that the use of the word descendants is a much broader term than that contemplated by La.C.C. Art. 3556(8):
8. Children. — Under this name are comprehended, not only the children of the first degree, but the grandchildren, great-grandchildren, and all other descendants in the direct line.
Natural children, even though recognized, make no part of the children properly so called, unless they have been legitimated.
Based on the foregoing interpretation,[3] defendants argue that they, as the descendants of Haywood Daniels, are entitled to be adjudicated owners of an undivided one- *527 half interest in the property in question. We do not agree.
This is an action for a declaratory judgment. La.C.C.P. Art. 1871 et seq. The burden of proof in such actions is stated in pertinent part in La.C.C.P. Art. 3654:
When the issue of ownership of immovable property or of a real right therein is presented in an action for a declaratory judgment, * * * the court shall render judgment in favor of the party:
(1) Who would be entitled to the possession of the immovable property or real right therein in a possessory action, unless the adverse party proves that he has acquired ownership from a previous owner or by acquisitive prescription; or
(2) Who proves better title to the immovable property or real right therein, when neither party would be entitled to the possession of the immovable property or real right therein in a possessory action.
In the present case, neither side has alleged nor argued that they are in possession. However, the evidence shows that Nathaniel Shorts had corporeal possession until shortly before his death in 1979, and that since that time and until this suit was filed one Preston Lane, has had an agricultural lease from the Shorts to whom he has paid rent. Thus, the plaintiffs are in possession, LSA-C.C.P. Articles 3658 and 3666, and would prevail in a possessory action. And, defendants have the burden under LSA-C.C.P. Article 3654(1) to prove they acquired ownership, not just a better title, either from a previous owner or by acquisitive prescription. In this case both sides claim ownership by titles traced to a common author, Ann Lewis Gwinn, so she is presumed to be the previous owner, LSA-C.C. Article 532. As against plaintiffs who are in possession, defendants have the burden to prove acquisition of ownership traced to Ann Lewis Gwinn.
Defendants seek to establish their ownership of the property because they are the descendants of an acknowledged illegitimate child of Ann Lewis Gwinn. It is clear under the present state of the law, that acknowledged illegitimates have been accorded certain rights of inheritance. Succession of Brown, 388 So.2d 1151 (La.1980). However, these rights have been limited to those rights which accrued after the effective date of the 1974 Louisiana Constitution, January 1, 1975. Succession of Clivens, 426 So.2d 585 (La.1982).
Because the date of the death of Ann Lewis Gwinn was prior to the effective date of the 1974 Constitution, the law in effect at the time of her death determined who inherited her interest in this property. See Succession of Clivens, supra, Succession of Davis, 126 La. 178, 52 So. 266 (1910). Because the only manner in which defendants could have acquired an interest in this property was through the legal fiction known as “representation”, the issue becomes whether or not irregular heirs were entitled to participate by representation in a succession in 1962. We conclude that they were not.
In Hawkins v. Williams, 146 La. 529, 83 So. 796 (1920), the court stated:
Though the Code recognizes the relation between natural children and the parent who has acknowledged them, and recognizes the relation between or among natural brothers and sisters, it does not recognize a relation between grandparents and natural grandchildren, or between grandparents and the children of their natural children. The rule that, under the designation “children,” are included the more remote direct descendants, does not apply to natural children. That is explained in the second paragraph of the definition No. 8, in article 3556 of the Code, explaining the terms used in the Code, viz:
“8. Children. — Under this name are comprehended, not only the children of the first degree, but the grandchildren, great-grandchildren, and all other descendants in the direct line.
“Natural children, even though recognized, make no part of the children *528 properly so called, unless they have been legitimated.”
[[Image here]]
“Representation,” as defined in article 894 of the Code, “is a fiction of the law, the effect of which is to put the representative in the place, degree and rights of the person represented.”
But this fiction of the law, called “representation,” is dealt with only in the eight articles (894 to 901, inclusive) comprising a separate section (section 2) of chapter 2, treating only “Of Legal Successions,” or successions devolving upon legal or legitimate relations, in title 1, “Of Successions.” That title is divided into 13 chapters, which are subdivided into sections; thus: Chapter 1 treats “Of the Different Sorts of Successions and Heirs: and (by article 875), divides them into three classes: (1) “Testamentary Successions; (2) Legal Successions; and (3) Irregular Successions.” Chapter 2 treats “Of Legal Successions,” those falling to lawful descendant, ascendant, or collateral relations, and is divided into five sections, viz.: (1) General Rules; (2) Of Representation; (3) Of Successions Falling to Descendants; (4) Of Successions Falling to Ascendants; and (5) Of Successions Falling to Collaterals. And chapter 3 treats only “Of Irregular Successions,” or successions descending to or from acknowledged illegitimate children, or to a surviving husband or wife, or to the state.
The arrangement, therefore, of the subjects dealt with under the title “Of Successions” leaves no doubt that this fiction of the law, called “representation” does not apply to irregular successions.
[[Image here]]
The reason why representation is not allowed in irregular successions, but only in legal successions, is very plain. The right of possession, or seisin, of an estate, under articles 940, 941, 942, 943 and 944, is acquired only by legal heirs, testamentary heirs, instituted heirs, and universal legatees, not by irregular heirs. The doctrine, le mart saisit le vif, has no application to irregular successions. An irregular heir, a natural child or survivor, husband or wife, inherits only a right of action to be judicially recognized as an heir and to obtain possession of the estate. And no one can transmit a right of action before having acquired it.
See also Succession of Tyson, 186 La. 516, 172 So. 772 (1937); Succession of Fernandez, 163 La. 362, 111 So. 787 (1927).
For the foregoing reasons, the trial court was correct in concluding that the defendants were not entitled to represent their deceased ascendant in the succession of Ann Lewis Gwinn at the time of her death. Consequently, they proved no title to or interest in this property.
Insofar as the plaintiffs’ claim to the property is concerned, they prevail first because they are in possession, and defendants have failed to prove their ownership. Moreover, under the terms of La.C.C. Art. 915 in effect in 1962, a surviving spouse inherited as a legal heir by operation of law, without the necessity of formal compliance with the provisions relating to the placing into possession of irregular heirs. Himel v. Richard, 374 So.2d 714 (La.App. 1st Cir.1979); La.C.C. Art. 915, supra. The trial court correctly found that from the date of the death of Ann Lewis Gwinn until his death, Mose Gwinn continued in possession of the entirety of the land and improvements which had belonged to the community of acquets and gains and tacitly accepted her succession. La.C.C. Art. 988 et seq. Acceptance of a succession is a question of fact. Barnsdall Oil Co. v. Applegate, 218 La. 572, 50 So.2d 197 (1950). The trial court did not err in,determining that Mose Gwinn, as surviving spouse of Ann Lewis Gwinn, inherited her undivided one-half interest in the property by operation of law and tacitly accepted her succession.
Each of the plaintiffs claim their ownership to the property as legitimate *529 descendants of the sister of Mose Gwinn, Rosie Gwinn Cooper. See La.C.C. Arts. 902 and 912.[4] The trial court applied the presumption of La.C.C. Art. 184 as it existed at the time of the births of these children [5] and found that this presumption was not defeated by the fact that these children were not the biological children of Abraham Cooper. Under the facts presented by this case, this finding was not in error. See Lewis v. Powell, 178 So.2d 769 (La. App.2d Cir.1965); Feazel v. Feazel, 222 La. 113, 62 So.2d 119 (1952); George v. Bertrand, 217 So.2d 47 (La.App.3d Cir.1969); Succession of Fuselier, 325 So.2d 296 (La. App. 3d Cir.1975).
Accordingly, plaintiffs, as the only legitimate descendants of the collateral relations of Mose Gwinn, have proven their ownership of the property in question.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed at the cost of appellants.
JUDGMENT AFFIRMED.

. The plaintiffs are Caleb Shorts, Irene McKinney, Nathaniel Shorts, Jr., Mamie Kennedy, Ma-teal Porchay, and Moses S. Strange. They are also defendants in rcconvcntion but will be referred to throughout this opinion as "plaintiffs” for the sake of brevity.

. The defendants are Annie Lee Daniels, Andrew Daniels, Josephine Daniels James Meredith, Lonnie Jean Williams Hill, Eddie Abron Williams, Delores Williams Johnson, Noclla Marie Williams Hayes, Curtis Lee Williams, Virgie Mae Williams Henderson, Euredell Williams, and Cardella Williams. They are also plaintiffs in reconvention by virtue of their reconventional demand seeking to be declared owners of an undivided one-half interest in this property but will be referred to throughout this opinion as "defendants” for the sake of brevity.

. By Act 919 of the 1981 session of the Louisiana legislature, the Preliminary Title and Chapters 1, 2, and 3 of Title I of Book III of the Louisiana Civil Code, containing Articles 870 through 933, relative to kinds of succession and intestate succession were revised, amended and reenacted; and a new preliminary title and chapters were substituted. This act provides that it only applies to the rights and obligations of persons whose date of death is after December 31, 1981. Consequently, all Civil Code Articles referred to in this opinion are the articles which were in effect prior to this legislative change.

. La.C.C. Arts. 902 and 912 provided:
Art. 902. Legitimate children or their descendants inherit from their father and mother, grandfathers or other ascendants, without distinction of sex or primogeniture, and though they may be born from different marriages.
They inherit in equal portions and by heads, when they are in the same degree, and inherit by their own right; they inherit by roots, when all or part of them inherit by representation.
Art. 912. If a person dies, leaving no descendants nor father nor mother, his brothers and sisters, or their descendants, inherit the whole succession to the exclusion of the ascendants and other collaterals.

. La.C.C. Art. 184 provided:
The law considers the husband of the mother as the father of all children conceived during the marriage.